UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **JOHN H. WATSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CAUSE NO. 3:06-CV-098 AS** |
| v. | ) |
| | ) |
| **LARRY SIMPSON,** | ) |
| | ) |
| **Defendant.** | ) |

*OPINION AND ORDER*

John H. Watson, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than

what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Watson alleges that he is subjected to "wanton and unnecessary verbal abuse." Complaint at 3, docket # 1. Mr. Watson alleges, in part, that he has been called a girl, told that he is being restrained and watched 24/7, and had it suggested that he should obtain a coat by stealing it. Mr. Watson alleges that the Eighth Amendment prohibition on cruel and unusual punishment "applies to wanton and unnecessary verbal abuse as well as physical abuse." Complaint at 4, docket # 1. Mr. Watson is incorrect. These comments might be unprofessional and they might even be penologically ineffective, but they do not violate Mr. Watson's constitutional rights. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.")

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. §1915A.

**IT IS SO ORDERED.**

**ENTERED: February 9 , 2006**

s/Allen Sharp
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**